Ex parte MARCIL.

(District Court, W. D. Washington, S. D.   May 4, 1914.)

No. 1569.

PRISONS (§ 15*)—BREACH OF PAROLE—COMMUTATION FOR SUBSEQUENT GOOD BEHAVIOR.

Under Act June 25, 1910, c. 387, § 6, 36 Stat. 820 (U. S. Comp. St. Supp. 1911, p. 1703), providing that where a prisoner breaks his parole he shall serve the remainder of the sentence originally imposed upon him, a prisoner is not entitled to commutation for good behavior under the Commutation Law (Act June 21, 1902, c. 1140, 32 Stat. 397), as amended April 27, 1906 (34 Stat. 149, c. 1997 [U. S. Comp. St. Supp. 1911, p. 1701]), during his confinement after being returned to prison for the breach of his parole.

[Ed. Note.—For other cases, see Prisons, Cent. Dig. § 26; Dec. Dig. § 15.*]

Application by James A. Marcil for writ of habeas corpus. Petition for discharge denied.

See, also, 207 Fed. 809; 208 Fed. 403, 125 C. C. A. 619.

James A. Marcil, in pro. per.

George P. Fishburne, Asst. U. S. Atty.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CUSHMAN, District Judge. Petitioner asks to be discharged from the custody of the warden of the McNeil Island Penitentiary. He began serving a five-year sentence May 13, 1909. On August 12, 1911, he was released under the Parole Law (1 Supp. 1912 Fed. Stat. Ann. p. 304). At the time of his release he had earned under the Commutation Law (6 Fed. Stat. Ann. p. 41, as amended April 27, 1906 [U. S. Comp. St. Supp. 1911, p. 1701]) 216 days for good conduct. He was out on parole 230 days when he was returned to prison for a violation of his parole. Upon his return, he was notified by the warden that he had, by violating his parole, forfeited the allowance for observance of rules allowed under the Commutation Act.

Petitioner, in September, 1913, brought suit for his discharge, contending that the forfeiture of the deduction earned before his parole was unwarranted. This court held the provision of the Commutation Act, providing for a deduction for good conduct from the sentence of a confined prisoner, unaffected by the later Parole law. 207 Fed. 809. Upon appeal, the Court of Appeals reversed that decision. 208 Fed. 403.

Petitioner has, since his return to prison, observed all the rules and was entitled to discharge, as answered by the warden, April 8, 1914, unless the terms of the Parole Act preclude the allowance of any deduction for good conduct from the sentence served after revocation of parole, as it has been held that it precludes any deduction for time earned prior to parole.

Section 3 of the Parole Act provides:

"Then said board of parole may in its discretion authorize the release of such applicant on parole, * * * to remain, while on parole, in the legal custody and under the control of the warden of such prison from which paroled, and until the expiration of the term or terms specified in his sentence, less such good time allowance as is or may hereafter be provided for by act of Congress. * * *"

Section 6 provides:

"If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed, and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced."

Section 10 provides:

"That nothing herein contained shall be construed to impair the power of the President of the United States to grant a pardon or commutation in any case, or in any way impair or revoke such good time allowance as is or may hereafter be provided by act of Congress."

This court, upon the former suit, held, in effect, that the last clause of section 6 fully amplified, explained, and removed any doubt concerning the meaning of the words "the remainder of the sentence originally imposed." In holding this court in error in so ruling, the Court of Appeals said:

"The record in the case shows that the appellee was out on parole 230 days; that he was then, by reason of his violation of the parole, retaken and returned to the prison. The record further shows that if he continued entitled to 216 days earned by him for good conduct before his parole, as the court below held, his sentence had at the time of the issuance of the writ been com-

pleted, and he was legally entitled to a discharge. But if the time so earned by him by his previous good conduct was forfeited by his subsequent misconduct, the judgment of the court below discharging him from custody must be reversed. That is the sole question in the case, and we are of the opinion that it is answered by the provisions of the statutes referred to. Both are acts of clemency intended to invite good behavior, but the consequence of a violation of that clemency is distinctly declared by the statute itself; section 6 of the act of June 25, 1910, declaring that in the event of a violation of the parole and its revocation therefor, not only shall the time for which the prisoner was sentenced not be diminished by the time he was out on parole, but expressly declares that, in such event, he shall serve the remainder of the sentence *originally imposed*, which was, in the instant case, five years. The formerly acquired credit by reason of the previous good conduct of the prisoner, which could not become effective until the end of his term, was thus forfeited by the statute itself upon the revocation of the parole, because of the prisoner's subsequent misconduct."

The words "orignally imposed" are italicized by that court, and by emphasizing those words it is clear that that court determined that an intention was shown by Congress that, when the parole of a prisoner was revoked, he should serve, in confinement, the remaining days of the term of sentence originally imposed, which he had not actually so served, undiminished by any time allowed for good conduct.

It is true that the court says that the deduction earned by good conduct was forfeited, but it is held that the forfeiture was by virtue of this statute; that the forfeiture is not because a forfeiture is expressly by the statute provided, but only because, as held, an intention is shown that the term of sentence imposed should be served in full.

The language is as fit to deny a deduction for good conduct after revocation of parole as to forfeit that earned before. The Court of Appeals held that both the Commutation Act for good conduct and Parole Act were acts of clemency, and the provisions, therefore, are no part of, and cannot be read into, the sentence originally imposed.

Having reached this conclusion, it is not appropriate to consider other matters discussed upon the hearing.

The petition for discharge is denied.