THOMPSON v. DUEHAY, Superintendent of Prisons of Department of Justice, et al.

(District Court, W. D. Washington, S. D. October 31, 1914.)

No. 1659.

1. PRISONS (§ 15*)—PAROLES—STATUTORY PROVISIONS—"TOTAL OF THE TERM OR TERMS."

Under Act June 25, 1910, c. 387, § 1, 36 Stat. 819 (U. S. Comp. St. 1913, § 10535), providing that every prisoner convicted of any offense against the United States and confined in any United States penitentiary or prison for a definite term or terms of over one year, whose record of conduct shows he has observed the rules of the institution, and who has served one-third of the total of the term or terms for which he was sentenced, may be released on parole, and section 10 (section 10544), providing that nothing therein contained shall impair the power of the President to grant a pardon or commutation, or impair or revoke any good time allowance, where sentences to four years' imprisonment on each of two counts, to run consecutively, were commuted by the President to run concurrently, the prisoner was eligible for parole when he had served one-third of the four-year period covered by the concurrent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sentences, since the "total of the term or terms" means the total time actually to be served, and the commutation in effect wipes out the judgment and writes a new sentence. and, moreover, any other construction would deny full effect to the action of the President.

[Ed. Note.—For other cases, see Prisons, Cent. Dig. § 26; Dec. Dig. § 15.*]

2. PARDON (§ 4*)—COMMUTATION OF SENTENCES—CONSTITUTIONAL AND STATUTORY PROVISIONS.

The President's power to commute sentences is conferred upon him by the Constitution, and cannot be affected by legislative action, or impaired or undermined in any particular.

[Ed. Note.—For other cases, see Pardon, Cent. Dig. §§ 4–6½; Dec. Dig. § 4.*]

Application for a writ of mandamus by Fred H. Thompson against F. H. Duehay, Superintendent of Prisons of the Department of Justice, and others. Writ granted.

Fred H. Thompson, of Los Angeles, Cal., and J. J. Sullivan, of Seattle, Wash., for petitioner.

Clay Allen, U. S. Atty., of Seattle, Wash., and Geo. P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for respondents.

CUSHMAN, District Judge. This matter is before the court, after evidence taken, upon petitioner's complaint and respondents' answer to the petition of relator for a writ of mandamus directing respondents, as the board of parole of McNeil Island Penitentiary, to receive the application of petitioner for parole and to give him a hearing thereon.

[1] Petitioner was convicted upon an indictment in two counts and sentenced to four years' imprisonment on each count—the sentences to run consecutively, not concurrently; that is, the second sentence to commence at the expiration of the first. The President of the United States has commuted these sentences "to run concurrently." The parole act provides:

"That every prisoner who has been or may hereafter be convicted of any offense against the United States, and is confined in execution of the judgment of such conviction in any United States penitentiary or prison, for a definite term or terms of over one year, whose record of conduct shows he has observed the rules of such institution, and who has served one-third of the total of the term or terms for which he was sentenced, may be released on parole as hereinafter provided."

"That nothing herein contained shall be construed to impair the power of the President of the United States to grant a pardon or commutation in any case, or in any way impair or revoke such good time allowance as is or may hereafter be provided by act of Congress."

Sections 1 and 10; 36 Stat. pp. 819 and 821; Fed. Stat. Ann. Supp. 1912, vol. 1, pp. 304 and 306.

Petitioner sought to file with the board of parole, and have considered, his petition for parole, offered under the rules adopted regulating hearings by the board. Petitioner sought parole at the expiration of one-third of the four-year period covered by these concurrent sentences, but was denied the right to file such application, and denied a hearing thereon; the Attorney General, for the board, advising him:

"Please inform the prisoner that the department does not agree with his conclusion that he is eligible to parole when he has served one-third of the commuted sentence. It is the view of the department that he must serve one-third of his original sentence of eight years."

The respondents' claim is that the application for parole is premature; that the board will not exercise its discretion and consider the application for that reason. The act above quoted provides that:

"Every prisoner * * * who has *served* one-third of the *total* of the term or terms for which he was sentenced may be released on parole."

Does "one-third of the total term or terms" mean that, for the purpose of the parole law, the sentence imposed is unaffected by the commutation—although such commuted sentence supersedes, alters, changes, and substitutes the new term for that imposed by the original sentence for every other purpose—in determining the time at which the parole law can be invoked? Such a construction is too narrow. The good time law provides:

"That each prisoner * * * shall be entitled to a deduction from the term of his sentence to be estimated as follows: * . * * Upon a sentence of not less than six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated." Act June 21, c. 1140, 32 Stat. 397 (U. S. Comp. St. 1913, § 10532); Fed. Stat. Ann. vol. 6, pp. 40 and 41.

Upon the argument it was stated without question that, in applying the good time law, upon commutation of a sentence, the good time is calculated as from the beginning on the length of term of the sentence as commuted, and not upon the sentence as originally imposed. This practice would, certainly, be more consonant with reason than that now contended for under the parole law. No difference in the language of the two acts appears to show a different intent in this regard. The language of the act is:

"Who has served one-third of the total term or terms for which he was sentenced."

By the sentences imposed by the court, the two four-year terms were to run consecutively. These sentences were commuted "to run concurrently"; that is, to run together, the time served running together, upon both sentences. If this be so, the petitioner has served one-third of the total terms for which he was sentenced. To decree otherwise is to impair the power of the President to grant a commutation of sentence.

As one judgment is entirely wiped out and another substituted for it upon a new trial or appeal, which substituted judgment is complete and entire in and of itself, and for all purposes the only judgment given effect, so does the commutation, in effect, write a new sentence—the only sentence that remains effective from the beginning. To deny this is to hold that the President did not, in reality, commute the sentence

as imposed; that he only partly commuted it, only commuted it for certain purposes; that is to say, that, notwithstanding the decree of commutation, for one purpose the sentences do not, and shall not, run concurrently.

The parole law deals with substance, and not form, and the "total of the term or terms" of sentence means the total of the time actually to be served. If such were not the fact, in the case of sentences on three or more counts running concurrently, the parole law would have no effect, in spite of the fact that it provides that "every prisoner　*　*　* may be released on parole."

If the President by his commutation finds that relief afforded by parole is not adequate, it would be more reasonable to contend that a commutation superseded the right of parole, and that no parole would be allowed, than to contend for a modification of the right of parole as to the time when it could be invoked. By section 10, above quoted, while the President's power to commute is fully recognized, no intent or purpose is shown but that the parole law is fully subject, in its operation, thereto. No intention is shown in the law that the advantages of the parole law and commutation are only to be allowed in the alternative.

By this contention, that particular feature of the sentence which was modified by the commutation is qualified so as to give to the commuted sentence a different effect than is given to a sentence originally imposed to run concurrently by the court. There is no more reason to suppose that a sentence of imprisonment is imposed without regard to the possibility of commutation than that it is pronounced without consideration of the opportunity afforded the prisoner to earn good time or parole.

[2] The President's power to commute is conferred upon him by the Constitution, and cannot be affected by legislative action, or impaired or undermined in any particular. However, whether a pardon or commutation be considered as the execution of justice in mercy, or as an act of grace, it is the substitution of something better for that which was. Then how can it be said, in effect, that that which is right should give way to that which is relatively wrong?

The prisoner has served one-third of the total sentences imposed. To argue otherwise is to attribute to the act of Congress an intent to deny full effect to the action of the Executive—a thing not to be presumed, in the absence of language conclusively showing such purpose, and of doubtful effect, even if intended. Ex parte Garland, 4 Wall, 333, 380, 18 L. Ed. 366; Ex parte William Wells, 18 How. 307, 15 L. Ed. 421; United States v. Wilson, 7 Pet. 150, 8 L. Ed. 640.

The writ of mandamus will issue, unless, within 10 days, an appeal is taken.