## NIX v. JAMES, District Judge.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4601.

**1. Criminal law ⬤⟲978—One sentenced to imprisonment at term ending prior to passage of Probation Act may be probationed under act if he has not served part of sentence.**

One convicted and sentenced to imprisonment at a term ending prior to passage of Probation Act March 4, 1925, and who has never served any part of sentence, may be probationed under act by District Court passing sentence.

**2. Criminal law ⬤⟲978—Probation Act is remedial and entitled to liberal construction.**

Probation Act March 4, 1925, is a remedial statute and entitled to liberal construction.

**3. Constitutional law ⬤⟲74 — Probation Act held not unconstitutional as encroaching on pardoning power of President.**

Probation Act March 4, 1925, held applicable to defendants sentenced before the passage of act, and not unconstitutional as encroaching on pardoning power of President under Const. art. 2, § 2, which interpretation is analogous to that placed upon Parole Act June 25, 1910, amended by Act Jan. 23, 1913 (Comp. St. §§ 10535–10544).

Mandamus. Application by Wyatt L. Nix against Hon. William P. James, Judge of the United States District Court for the Southern District of California, to require a hearing on petitioner's application to be placed on probation. Writ granted.

This is a proceeding in mandamus brought by Wyatt L. Nix to secure a writ of mandamus requiring Hon. William P. James, Judge of the District Court of the United States for the Southern District of California, to hear the application of petitioner to be placed on probation in accordance with the provisions of the Act of March 4, 1925 (43 Stat. 1259). On the 19th of June, 1924, petitioner was convicted of the crime of using the United States mails in pursuance of a scheme to defraud. On the 27th of June he was sentenced to pay a fine of $1,000 and to be imprisoned for a period of 2 years. He prosecuted a writ of error to this court, and the judgment was affirmed on the 9th of March, 1925. 4 F.(2d) 652. Several stays of execution have been granted, and petitioner has not yet begun the service of his term of imprisonment.

On the 11th of June, 1925, petitioner filed in the District Court his petition for probation, and the District Court held that it had no jurisdiction to hear the same. Thereupon, on the application of petitioner, this.

court issued an order to show cause why a writ of mandamus should not issue. The answer of respondent admits the allegations in the petition for mandamus, except in so far as they relate to the construction of the Act of March 4, 1925. Respondent affirmatively alleges that the District Court was and is without jurisdiction to hear petitioner's application for probation, for the reason that judgment was passed on petitioner at the January, 1924, term, and that there was no proceeding commenced during that term under which the District Court retained any control over the judgment. The January, 1924, term of the District Court had expired prior to the time when the Probation Act became effective.

Raymond Benjamin, of San Francisco, Cal., for petitioner.

Louis V. Crowley, of San Francisco, Cal., amicus curiæ.

Samuel W. McNabb, U. S. Atty. and John R. Layng, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] No procedural questions have been presented in this case for our consideration, and we will assume that the record properly raises the question argued and submitted. This question is whether the Probation Act of March 4, 1925, is applicable to a defendant who was sentenced to imprisonment at a term of court which expired before the act in question was passed, and when the defendant had not yet been imprisoned. Sections 1, 2, and 5 of the Probation Act are as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon pro-

bation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation: Provided, that the period of probation, together with any extension thereof, shall not exceed five years.

"While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation and may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, and may also be required to provide for the support of any person or persons for whose support he is legally responsible.

"Sec. 2. That when directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable.

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed.

- * * * * * *

"Sec. 5. That this Act shall take effect immediately."

Sections 3 and 4 provide for the appointment of probation officers and define their functions and authority.

"In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." U. S. v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 19 (59 L. Ed. 129).

We agree with counsel for respondent that an order putting petitioner on probation and relieving him conditionally from imprisonment would alter the final judgment passed by the District Court and affirmed by this court. This cannot be done unless the Pro-

bation Act modifies the well-settled rule of procedure stated in U. S. v. Mayer, supra. A statute is not to be given a construction at variance with established rules of procedure, unless the intent of the legislative department to effect such change is apparent. 25 R. C. L. 1057; State v. Central Vermont R. Co., 81 Vt. 459, 71 A. 193, 21 L. R. A. (N. S.) 949.

The statute plainly contemplates that in cases falling within its purview the District Court shall retain control of the punishment to be meted out after sentence is pronounced and after the expiration of the term. It is provided in section 1 that "the court may revoke or modify any condition of probation, or may change the period of probation"; also that "while on probation the defendant may be required to * * * make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had." He may also be required to support those for whose support he is legally responsible. The probationary period may be extended provided that it shall not in its entirety exceed five years. Section 2 provides that the court may discharge the probationer from further supervision or that it may cause him to be arrested and brought before the court. In this latter case authority is given to "impose any sentence which might originally have been imposed." These provisions of the statute clearly authorize the District Court to modify from time to time the sentence imposed on a defendant even after the expiration of the term at which sentence is pronounced.

It may be suggested that these provisions of the statute are applicable only to the cases of defendants who have been put on probation at the time when sentence is imposed. The general power is granted "to suspend the * * * execution of sentence and to place the defendant upon probation." We do not think the power is lost by a failure to exercise it when judgment is pronounced. There are excellent reasons why a defendant should be permitted to sue out a writ of error without forfeiting his right to apply for the benefits of the Probation Act. See the dissenting opinion in Beggs v. Superior Court, 179 Cal. 130, 175 P. 642.

Is the statute applicable to defendants who had been convicted and sentenced at terms of court which expired prior to the enactment of the Probation Act? In answering this question, it becomes material to determine the character of construction which this statute should receive.

In Lovejoy v. Isbell, 70 Conn. 557, 562, 40 A. 531, 533, it is said: A statute which "seeks to supply a public need [or] to remedy a public evil" is remedial. In City of Montpelier v. Senter, 72 Vt. 112, 114, 47 A. 392, 393, a remedial statute is defined "as one designed to cure a mischief or remedy a defect in existing laws, common or statutory, however arising."

In 2 Lewis' Sutherland on Statutory Construction (2d Ed.) § 583, the author says: "In the modern sense, remedial statutes not only include those which so remedy defects in the common law, but defects in our civil jurisprudence generally, embracing, not only the common law, but also the statutory law." "There are also the three points mentioned by the author to be considered in the construction of all remedial statutes—the old law, the mischief and the remedy." "It is the duty of judges so to construe the act as to suppress the mischief and advance the remedy. This injunction is simply to carry out the intention of the law-maker, which is the cardinal aim with reference to all statutes. The intention in statutes which are for this purpose recognized as remedial or enacted pro bono publico is more liberally inferred, and to a greater extent dominates the letter, than is admissible in dealing with those which must be strictly construed."

[2] We think the Probation Act is a remedial statute and as such entitled to a liberal construction. The old law is defined in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. In this case the Supreme Court holds that it is beyond the power of a District Court to postpone indefinitely the execution of a criminal sentence. On pages 51, 52 of the report Mr. Chief Justice White discusses the hardships which arise from time to time in the rigorous unbending enforcement of the letter of the criminal law. By the Probation Act, Congress has undertaken to provide a remedy.

The statute does not expressly exclude from the benefit of its provisions defendants who had been sentenced to imprisonment at terms which expired prior to its enactment. The new power vested in the District Courts is available to them "after conviction or after a plea of guilty or nolo contendere." The statute does not say how soon after conviction or plea the power must be exercised. In view of the liberal construction to which the statute is entitled,

we cannot read into it a limitation on the power granted not written there by Congress. Exceptional conditions justifying an abatement of criminal penalties may arise in the cases of defendants situate as is this petitioner. In other words, defendants sentenced at terms which expired prior to March 4, 1925, and who have not yet been imprisoned, may come within the mischiefs which Congress intended to remedy, and we should not by construction exclude them from the operation of the statute. The fifth section of the act provides that it shall take effect immediately.

We are confirmed in these conclusions by the case of Sommers v. Johnson, 4 Vt. 278, 24 Am. Dec. 604. This case involved the construction of a statute for the relief of imprisoned debtors. The question involved was whether the act was applicable to debtors in prison at the date of its passage or only to debtors on whom judgment should be passed subsequent to the statute. The court said:

"Two questions only are presented in the case before us. The first is, whether the statute, passed November 10, 1830 [Laws 1830, p. 6, No. 8] extends its relief to persons then in prison. The expression of the statute is, 'whenever any person is imprisoned, etc.' It is contended that this only looks forward to new cases of imprisonment. We think it not necessary so to limit its extent. It is a remedial statute. It was made to remedy the evil of imprisoning persons for torts, and depriving them of the power to labor to obtain their own living, or to obtain the means of paying their executions, after their imprisonment had become a mere punishment to them, without any prospect of benefit to their creditors. The statute provides that, in such cases, the county court, on petition to them, as was made in this case, may inquire into all the circumstances of the case, and grant the power to petition the jail commissioners for liberation on taking the poor debtor's oath. It becomes the duty of the court to decide, under this statute, whether the imprisonment has become merely punishment, and whether the prisoner has been sufficiently punished, and whether it is safe, and best for society, that he should be liberated, in case he can show his poverty before the jail commissioners. For all these purposes, nothing depends upon the time, when the imprisonment commenced, but upon its length, and its effects upon the prisoner, in reforming him, and reducing him to poverty, and bringing distress upon his family, if he has one. The expression of the statute is clearly prospective in some sense. It is so with regard to preferring the petition to the court, and all proceedings under it. But the expression is perfectly applicable to a man's being in prison at the time of preferring his petition, without regard to the time, when the imprisonment commenced. Any man is imprisoned each moment from the time of his commitment, to the time of his discharge; and there is no reason to believe, that the legislature intended to provide relief for those, who should afterwards be committed to prison, and leave in perpetual imprisonment those, whose hard bondage alone dictated the necessity of the statute."

[3] It is argued in a companion case that the statute, if construed as applicable to defendants already sentenced, is unconstitutional as encroaching on the pardoning power granted to the President by section 2 of article 2 of the Constitution. It is well-settled that this power may not be abridged by legislation. Ex parte Garland, 4 Wall. 333, 380, 18 L. Ed. 366; U. S. v. Klein, 13 Wall. 128, 147, 20 L. Ed. 519. But it is held that Congress may make provision for the remission by the Secretary of the Treasury of fines and penalties for violations of federal law. U. S. v. Morris, 10 Wheat. 246, 287, 6 L. Ed. 314; The Laura, 114 U. S. 411, 5 S. Ct. 881, 29 L. Ed. 147. It is also held that Congress may grant amnesty to offenders of a certain class. Brown v. Walker, 161 U. S. 591, 601, 16 S. Ct. 644, 40 L. Ed. 819. These acts of Congress are expressly held to constitute no encroachment on the pardoning power of the President.

The Parole Act of June 25, 1910 (Comp. St. §§ 10535–10544; 36 Stat. 819, amended by 37 Stat. 650), has been treated as valid, and has been enforced for 15 years. Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; O'Brien v. McClaughry, 209 F. 816, 126 C. C. A. 540. Whenever the statute is enforced, a part of the penalty prescribed by the judgment is remitted. It has been held that this statute is consistent with the constitutional provision granting the pardoning power to the President. Thompson v. Duehay (D. C.) 217 F. 484, 487, affirmed (C. C. A.) 223 F. 305, 309.

The District Court for the Western District of Washington and this court have applied this statute in the case of a prisoner whose imprisonment began before the statute was passed Ex parte Marcil (D. C.)

7 F.(2d)—38

207 F. 809; Id. (C. C. A.) 208 F. 403; Id. (D. C.) 213 F. 990.

It is generally-held that Probation Acts do not encroach on the prerogatives of the executive under the pardoning power. 20 R. C. L. 577; Ex parte Giannini, 18 Cal. App. 166, 122 P. 831, 832; People ex rel. v. Flynn, 55 Misc. Rep. 639, 106 N. Y. S. 925; Belden v. Hugo, 88 Conn. 500, 91 A. 369, 370, 371. The last of these cases draws a distinction between probation after sentence and pardon. The former involves a change of the judgment; the latter leaves the sentence as it was passed, but protects the defendant from its operation. The Connecticut statute upheld in this case gives the courts of that state control over their judgments in criminal cases for a year after the judgments are entered.

We think there is no constitutional objection to the application of the Probation Act to a defendant in the situation of this petitioner.

It was conceded on the argument of the case at bar that the Probation Act is inapplicable to defendants who have begun the service of their terms of imprisonment on the ground that their cases are provided for by the Parole Act. Nothing contained in this opinion must be construed as holding that the Probation Act has any application to a defendant who has entered on the service of his term of imprisonment.

A writ of mandamus will issue, directing the District Court to hear petitioner's application to .be placed on probation.