**EVANS v. DISTRICT JUDGE OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.**

(Circuit Court of Appeals, Sixth Circuit. April 12, 1926.)

1. **Criminal law ⟨⟩1001—District Court has jurisdiction to grant probation as to convictions affirmed before March 4, 1925, where execution of sentence has not begun (Probation Act March 4, 1925, § 1 [Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c]).**

District Court has jurisdiction to grant probation, under Probation Act March 4, 1925, § 1 (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), as to convictions made and affirmed before March 4, 1925, at least at any time before execution of sentence has begun.

2. **Mandamus ⟨⟩51—Application for mandamus to compel District Judge to enter formal order reciting that his denial of probation was solely for lack of jurisdiction will be denied, as committing judge to proposition that he would have granted probation, except for lack of jurisdiction (Probation Act March 4, 1925, § 1 [Comp. St. Supp. 1925, § 10564⅘]).**

Application for mandamus to require District Judge to enter formal order reciting that his denial of application for probation under Probation Act March 4, 1925, § 1 (Comp. St. Supp. 1925, § 10564⅘), for lack of jurisdiction, because judge was said to have announced that he thought he had no jurisdiction, will be denied, as committing judge to proposition that he would have granted probation, except for lack of jurisdiction, and because it was not sufficiently alleged that such was his intent.

3. **Criminal law ⟨⟩1147—Power of District Court to grant probations is purely discretionary, and Circuit Court of Appeals cannot exercise any compulsion over it in such matter (Probation Act March 4, 1925, § 1 [Comp. St. Supp. 1925, §§ 10564⅘]).**

Under Probation Act March 4, 1925, § 1 (Comp. St. Supp. 1925, § 10564⅘), power of

District Court to grant probation is purely discretionary, and Circuit Court of Appeals cannot exercise any compulsion over it in respect thereto, and request to be put on probation was not intended to be subject of formal applications, hearings, and orders, and power is to be exercised on court's own motion, and only as matter of extraordinary grace.

Mandamus. Application by T. A. Evans against the District Judge of the United States for the Western District of Tennessee, to require entry of formal order reciting that denial of petitioner's application to be placed on probation was made solely on ground of court's lack of jurisdiction. Application denied.

Lopez & Tallant, of Memphis, Tenn., for petitioner.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Before the passage of the so-called Probation Act of March 4, 1925 (Comp. St. Supp. 1925, §§ 10564⅘-10564⅘c), Evans had been convicted in the District Court at Memphis of a felony and sentenced thereon to the penitentiary, and had brought a writ of error to this court. The conviction and sentence were affirmed on December 1, 1924. Owing to delays involved in an application for a certiorari, the mandate of this court did not go down until January, 1926. It does not appear whether or not Evans had commenced to serve his sentence when, on April 2, 1926, he presented to the District Judge his petition to be put on probation pursuant to section 1 of the act (43 Stat. 1259). The District Judge is said to have announced that he thought he had no jurisdiction under the act, and he denied the application. He declined to enter a formal order, reciting the denial and that it was made upon that ground only. We are asked to issue an order to show cause why there should not be a mandamus directing the entry of this order.

[1, 2] We see no reason to differ from the conclusions of the Circuit Courts of Appeals for the Ninth Circuit in Nix v. James, 7 F. (2d) 590, and of the Seventh Circuit in Kriebel v. United States, 10 F.(2d) 762, January 13, 1926. We think that jurisdiction to grant probation exists, even as to convictions made and affirmed before March 4, 1925, at least at any time before the execution of the sentence is begun; but we are clear that this application for mandamus should not be entertained, and this for two reasons:

The first is that the form of the order, as desired, seems to commit the District Judge

to the proposition that he would have granted probation except for the question of jurisdiction, and it is not sufficiently alleged that this was his intent.

[3] The second and more fundamental reason is that we do not think this court can exercise any compulsion over the District Courts in this subject-matter. In our judgment the act does not contemplate that requests to be put on probation should be the subject of formal applications, hearings, and orders, until there may be an order granting. We think, rather, that the power is to be exercised by the court upon its own motion, and only as a matter of extraordinary grace justified by extraordinary circumstances. The exercise of the power is plainly and purely discretionary. If probation is refused, it cannot concern this court whether the reason for the refusal is good or bad. Doubtless the District Courts will permit suggestions on the subject, in cases where the matter has not been fully considered in imposing sentence; but they cannot permit formal or extended hearings without assuming a burden which would be very great, and which we do not believe was intended by the statute.