## In re GILBOUGH.

(Circuit Court of Appeals, Second Circuit. June 29, 1926.)

**1. Mandamus ⊙⇒4(1).**

Mandamus will not be awarded by Circuit Court of Appeals, if an appeal will lie.

**2. Courts ⊙⇒404.**

Mandamus is to be used by Circuit Court of Appeals only in aid of its appellate jurisdiction.

**3. Mandamus ⊙⇒4(3).**

Mandamus, under Judicial Code, § 262 (Comp. St. § 1239), will not be granted to compel District Judge to determine application for suspension of sentence under Probation Law (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), since right to review may be had by appeal, under Judicial Code, § 128, as amended (Comp. St. Supp. 1925, § 1120.)

Original mandamus by Lewis Gilbough against Hon. Augustus N. Hand, to compel respondent, as District Judge, to hear and determine merits of application for suspension of execution of sentence. Motion denied.

Petitioner was convicted of an offense in the District Court for the Southern District of New York and sentenced to fine and imprisonment. He took a writ to this court and subsequently moved for a certiorari from the Supreme Court, without favorable result. Having exhausted his remedies for the correction of alleged error, he preferred a petition to the trial court, praying in effect for remission of his prison sentence, but technically for suspension of execution of sentence under the Probation Law (43 Stat. 1259 [Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c]).

Judge Augustus N. Hand, to whom the application was submitted, denied the same on the ground that he was without power to hear it, first, because the term at which sentence had been imposed, and all extensions thereof, had long since expired; second, that the jurisdiction of the District Court to act under the said Probation Law was taken away when Gilbough sued out his writ of error to this court; and, third, that said Probation Law did not extend to sentences imposed prior to the enactment thereof.

Thereupon Gilbough made this motion for the issuance of a writ of mandamus to compel Judge Hand to hear and determine upon the merits said application for suspension of execution of sentence.

David B. Cahill, of New York City, for petitioner.

Ben Herzberg, Asst. U. S. Atty., of New York City, opposed.

Before HOUGH, HAND, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). As at present amended, Judicial Code, § 128 (Comp. St. Supp. 1925, § 1120), gives to this court jurisdiction to review "final decisions" of the District Courts "in all cases save where a direct review" may be had in the Supreme Court under section 238 (Comp. St. § 1215), and it is quite evident that that section does not permit direct review.

It is observable that section 128 gives to this court a review of "final decisions," except where a direct review of "the decision" may be had under section 238. But section 238 does not speak of decisions, but only of a "final judgment or decree."

The Probation Law gives the right of suspending imposition or execution of sentence only upon courts exercising "original jurisdiction of criminal actions," and it contains

no provision for the review of any action of such a court in the premises.

This legal situation presents several problems. If a judge's action under the Probation Law is matter of discretion, then, unless it be abused, there is no ground for appeal or writ.

But a denial, not of action, but of the power to act at all, is beyond question a decision. Whether it is a "judgment or decree," or a "final decision," is not so certain, but that this question in all its ramifications can be tested by an appeal from the decision denying jurisdiction is certain. The decision of the Sixth Circuit Court of Appeals in Evans v. District Judge, 12 F.(2d) 64, proceeded upon the theory (contrary to the holding in Kriebel v. U. S., 10 F.[2d] 762) that no appeal lay from such an order, even if it were based upon a denial of power. Upon that question, for the reasons just given, we find it unnecessary to express any opinion. If this order, which has been actually entered, is appealable, mandamus is unnecessary; if it is not, we have no jurisdiction of any sort.

Thus the present question is whether a mandamus should issue to the lower court to compel the exercise of the jurisdiction of which the court itself denies possession. Our jurisdiction in respect of mandamus is not, even mutatis mutandis, of the same nature as that exercised by the Supreme Court. All our power to issue mandamus and prohibition must be derived from Judicial Code, § 262 (Comp. St. § 1239); whereas the Supreme Court has, not only that grant of power, but the specific authority contained in Judicial Code, § 234 (Comp. St. § 1211). We have no power to use mandamus and prohibition as respectively the spur and the curb wherewith to drive and guide inferior courts in a manner well indicated by the opinion in Maryland v. Soper, 46 S. Ct. 185, 70 L. Ed. —— (February 1, 1926). We have no power in respect of this writ, except what may be necessary for the "exercise of [our] jurisdiction."

[1, 2] The subject has received frequent consideration in this court, and it is settled by authority that mandamus will not be awarded if an appeal will lie. In re Gibson, 233 F. 751, 147 C. C. A. 517, Ann. Cas. 1917A, 921; Goldwyn, etc., v. Howells Co. (C. C. A.) 287 F. 100. Also it is settled that mandamus is to be used only in aid of our appellate jurisdiction, since we have no other. Muir v. Chatfield, 255 F. 24, 166 C. C. A. 352; In re St. Lawrence, etc., Co. (C. C. A.) 5 F.(2d) 65.

[3] In Nix v. James (C. C. A.) 7 F.(2d) 590, an application for mandamus was used exactly as it is sought to be used here. But the question of procedure was not argued, as is specifically stated in the opening sentence of the court's opinion. It has been urged here, and we hold, that a mandamus should not be granted, because whatever right to a review exists in the petitioner may be obtained by an appeal.

Motion denied.