## ACKERSON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 3, 1926.)

No. 210.

1. Criminal law ⟜1023(12)—Writ of error held properly brought to review order denying application, after expiration of term, for suspension of execution of sentence, for lack of power after judge, sitting by designation, returned to own district (Probation Act March 4, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).

Writ of error held properly brought to review order of District Court denying application, after expiration of term, for suspension of execution of sentence, under Probation Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), on ground of lack of power, because judge who entered sentence while sitting by designation had returned to his own district.

2. Courts ⟜421.

Any acting judge constitutes a District Court.

3. Criminal law ⟜1001—District Court has jurisdiction of application for suspension of execution of sentence after expiration of term, although judge entering sentence while sitting by designation had returned to own district (Probation Act March 4, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).

District Court has jurisdiction of application for suspension of execution of sentence, under Probation Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), after expiration of term, and notwithstanding that judge entering sentence was sitting by designation and had returned to own district.

In Error to the District Court of the United States for the Southern District of New York.

Alexander Ackerson was convicted of a crime, and from an order denying his application for suspension of execution of sentence, he brings error. Reversed and remanded.

See, also, 13 F.(2d) 961.

This plaintiff in error was convicted and sentenced in the court below. He took a writ to this court, and judgment was affirmed, and then applied for certiorari to the Supreme Court, and met with denial.

During these appellate proceedings he was on bail. He then, long after the expiration of the term at which he was sentenced, applied to one of the judges of the court below for suspension of execution of sentence pursuant to the Probation Act of March 4, 1925 (43 Stat. 1259 [Comp. St. §§ 10564⅘–10564⅘c]).

He had been tried before and sentenced by Sawtelle, District Judge, of Arizona, sitting by designation in the Southern District of New York. When application for suspension was made, Judge Sawtelle's designation had expired, and he had returned to his own district. The application to suspend execution of sentence was denied "for lack of power," whereupon this writ was taken.

This plaintiff in error was sentenced after the passage of the Probation Act. On this hearing we permitted counsel for one Kreiner, convicted in the Southern district of New York on June 30, 1924, to file a brief as amicus. Kreiner likewise took a writ of error to this court, and judgment was affirmed in June, 1926. He also had been out on bail pending proceedings in error, and the judge before whom he was tried died before Kreiner's sentence was affirmed.

Kenneth M. Spence, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (David P. Siegel and Guido Pantaleoni, Jr., Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Carl Sherman and Edward G. Griffin, both of New York City, filed brief as amicus curiæ.

Before HOUGH, MANTON, and MACK, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] This writ is properly brought to review a decision of the District Court, final because of the ground upon which that court placed its action or refusal to act. We intimated as much in Re Gilbough, 13 F.(2d) 462, and do not think it of moment whether under existing legislation review is sought by what is technically called an appeal or by writ of error. The only question raised is whether the court below, when application was made, possessed jurisdiction in the premises.

The statutory grant of power is confined to "courts of the United States having original jurisdiction of criminal actions," and the power may be exerted only when it is made to ·"appear to the satisfaction of the court that the ends of justice and the best interests of the public * * * will be subserved" by exercising that power, which is to suspend the imposition or execution of sentence *and* to place the defendant upon probation for such period and upon such terms and conditions as to the court seems best. No request was made by this plaintiff in error to suspend the *imposition* of sentence; but the government asserts that the District Court was without jurisdiction to grant a suspension of *execution* of sentence.

We observe that the statutory power is not only to suspend sentence, but (conjunctively) to place the convict on *probation*. It may be argued that a mere suspension of sentence, such as was often granted for some 70 years at least, in this circuit, before Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, is still as unlawful as the case cited made it, because, while the statute has restored suspension of sentence, such restoration is coupled with an obligation to "place on probation"—an entirely new word in federal laws, and one not defined in the statute. We do not express any opinion on the meaning or effect of the phrase "place on probation"; but "probation," whatever it means, is part of the jurisdictional grant.

The objections to jurisdiction as argued may be thus put:

Suspension of sentence, whatever else it is, is an act of mercy, and it is not to be supposed that Congress intended to give an opportunity of dispensing mercy to those who have exhausted all the devices of the law in endeavoring to escape from the consequences of a crime of which the jury adjudged them guilty. The fount of mercy should be deemed closed by the defiance of an appeal.

More technically the sentence of a criminal court is its judgment; a suspension of that sentence is in the nature of a modification of judgment, and it has always been unlawful for a court to alter its final judgment after the expiration of the term at which it is entered. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

Again, after affirmance and receipt of mandate, it is, by a multitude of opinions, the sole duty of the trial court to obey the mandate; and to interpret this statute, so as to permit a total departure from the order of the mandate, is bad law.

If the subject-matter were wholly new, it might be worth while to consider these objections at large; but it is not new, for we believe it to be common knowledge that when, after nine years of possible consideration, Congress decided to annul the rule of Ex parte United States, supra, it did not merely restore the custom of suspending sentence substantially at the time of imposition thereof, but framed a statute along the lines of the "probation acts" now well known in a considerable number of states. It seems to us a reasonable conclusion that, since this statute is not pioneer, Congress expected and intended that it should receive at the hands of the courts the same distinctly benevolent interpretation that most of the state tribunals have accorded to the probation acts of their several states.

It is in this spirit that three circuits have already answered the jurisdictional points raised by this writ. Nix v. James (C. C. A.) 7 F.(2d) 590; Kriebel v. United States (C. C. A.) 10 F.(2d) 762; Evans v. District Judge (C. C. A.) 12 F.(2d) 64. The substance of these decisions is that, in the absence of any constitutional restrictions, Congress can do what it pleases in respect of the time of asking mercy, the attention to be paid to terms of court, and the effect of unsuccessful appeals and the mandates therefrom resulting.

It is held to be reasonably clear that Congress did intend to permit persons convicted of crime to apply for the benefit of the statute at any time before actually entering upon the performance of the sentence or judgment of the trial court; that it did not intend to limit the dispensation of mercy to the term at which sentence was pronounced, nor by the views of the appellate court as to the propriety of that sentence and the

issuance of mandate accordingly, and finally that mercy may be extended to those convicted before the passage of the statute, if actual performance of sentence had not begun before application made.

We do not feel called upon to enlarge on the decisions cited; for further discussion of the varying and not altogether harmonious views advanced could hardly do more than suggest the personal predilections of the speaker or writer. It is enough that we are not constrained to depart from the results hereinabove stated. If the matter is deemed sufficiently important, certiorari affords an opportunity for a ruling opinion. [2, 3] We keenly appreciate the burden upon the District Courts created by this statute, and the difficulty of so bearing the burden as not to make it a menace, particularly in districts containing more than one judge. The power of suspension is lodged in the court, and any acting judge constitutes a District Court. There is nothing specifically said in the statute to prevent a convict from selecting some particular judge before whom to prefer his appeal for mercy, and nothing positive to prevent him making the round of all the judges who may hold the court of original jurisdiction in which he was convicted, and much less does the statute in terms cover cases (such as are shown above) of death or removal from district. Nor does the act give any instructions as to forms for or methods of application.

We cannot now be concerned with these matters; their provision is not within our jurisdiction, and we express no opinion as to whether such details of exercise of jurisdiction can be the subject of appeal. We do express our view that they and doubtless other matters germane to this subject are within the province of rules of court, and to avoid a condition of irregularity, if not worse, greatly to be deplored, such rules should be provided.

Order reversed, and cause remanded for further proceedings not inconsistent with this opinion. Let mandate issue forthwith.