## DAVIS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4822.

1. **Poisons** ⬅➡9—**Evidence of possession of morphine not in stamped packages held sufficient for jury (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g]).**

In prosecution for dealing in and possessing opium not in original stamped packages, evidence of finding of drugs in defendant's possession not in stamped packages, and that she had admitted possession thereof, together with the statutory presumption under Harrison Anti-Narcotic Act, § 1, as amended (Comp. St. § 6287g), *held* sufficient to go to jury as against subsequent denial that drugs were in her possession.

2. **Criminal law** ⬅➡815(9)—**Instruction as to possession in prosecution for dealing in and possessing morphine held properly denied, as overlooking presumption created by statute (Harrison Anti-Narcotic Act, § 1, as amended [Comp. St. § 6287g]).**

In prosecution under indictment charging plaintiff, as person required to register and pay tax, with dealing in and possessing morphine not in original stamped packages, where prima facie case was established under Harrison Anti-Narcotic Act, as amended (Comp. St. § 6287g), instruction that jury must find that defendant sold or dealt in opium or its derivatives, in order to find her guilty of unlawful possession, "and if you find there is no such evidence you are bound to find her not guilty," *held* erroneous, being construable as statement that jury might find that there was no evidence of possession.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Alma Davis was convicted of dealing in and possessing morphine not in original stamped packages, and she brings error. Affirmed.

Hugh M. Wilkinson, of New Orleans, La., for plaintiff in error.

Wayne G. Borah, U. S. Atty., and William A. Green, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted on an indictment that charged her, as a person required to register and pay the tax, with dealing in and possessing certain quantities of morphine, not in the original stamped packages, in violation of the Harrison Anti-Narcotic Act of December 17, 1914, as amended. Section 1 of the said act (Comp. St. § 6287g) requires all persons dealing in opium and its derivatives to register with the collector of internal revenue of the district wherein they do business, defines wholesale and retail dealers, levies certain taxes on said persons, provides that it shall be unlawful to sell or dispense the drugs except in or from packages to which special stamps are affixed, and further provides that "the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

On the trial of the case there was evidence tending to show that certain quantities of the drugs were found in the possession of defendant not in stamped packages, and that at the time they were discovered by the government officers she admitted their possession and that they belonged to her. Defendant in her own behalf testified that she made the admission for the purpose of shielding another person, whom she named, and that at the time the morphine was discovered she did not know it was on the premises; that she had never used drugs, had never sold or dealt in them, nor otherwise handled any drugs, and she did not know as a matter of fact to whom the drug belonged.

At the close of the case defendant moved for an instructed verdict, which was refused, and then requested the following charge:

"It is necessary to find from the evidence that the defendant sold or dealt in opium or its derivatives in order to find her guilty of unlawful possession, and if you find that there is no such evidence, you are bound to find her not guilty."

Error is assigned to the action of the court in these two respects.

[1] Considering the presumption created by the statute, it was not error to refuse to direct a verdict, as the jury was authorized to consider the prima facie evidence thereby created as against the subsequent denial of the defendant, and this question of fact was properly submitted to them. Pierriero v. U. S. (C. C. A.) 271 F. 912.

[2] The requested instruction correctly states the law, except as to stating that the jury might find that there was no evidence of possession. It is elementary that, no matter how correctly a charge may be drawn, it is not error to refuse it, if it does not conform to the evidence in the case, or has a tendency to mislead and confuse the jury. The requested charge entirely overlooks the presumption created by the statute, and, if given to the jury, might have misled them into believing that it was necessary for the gov-

ernment to prove by other evidence that the defendant was in fact a dealer required to register.

We find no prejudicial error in the record.

Affirmed.