## UNITED STATES v. DAVIS.

(District Court, E. D. Louisiana, New Orleans Division. February 10, 1927.)

No. 8253.

1. **Criminal law ⊂⊃1001—Application for probation may be made after affirmance of conviction on appeal, or at any time before actually starting sentence (Probation Act 1925 [Comp. St. §§ 10564⅘–10564⅘c]).**

Under Probation Act 1925 (43 St. 1259), being Comp. St. §§ 10564⅘–10564⅘c, persons convicted of crime may apply for the benefit of the statute at any time before actually entering on the performance of sentence or judgment, even after affirmance of conviction and sentence by an appellate court.

2. **Criminal law ⊂⊃1001—Application for probation may be made after term at which sentence was pronounced (Probation Act, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).**

Persons convicted of crime may apply for the benefit of Probation Act 1925 (43 St. 1259), being Comp. St. §§ 10564⅘–10564⅘c, after term at which sentence was pronounced.

3. **Criminal law ⊂⊃1001—Imperfect health held not to entitle petitioner to probation, absent showing that imprisonment would be dangerous or possibly fatal (Probation Act 1925 [Comp. St. §§ 10564⅘–10564⅘c]).**

Imperfect health of applicant for probation under Probation Act 1925 (43 St. 1259), being Comp. St. §§ 10564⅘–10564⅘c, which might

be aggravated by confinement in prison, *held* not ground for grant of probation, absent a showing that imprisonment might result in a dangerous condition or condition likely to be fatal.

4. **Criminal law ⟡1001—That person convicted of possessing morphine was possibly guilty only as accessory held not to entitle her to probation (Probation Act 1925 [Comp. St. §§ 10564⅘–10564⅘c]).**

That person convicted of unlawfully possessing morphine may have been guilty only as an accessory, and may have admitted ownership for purpose of shielding another, *held* not to entitle her to probation under Probation Act 1925 (43 St. 1259), being Comp. St. §§ 10564⅘–10564⅘c.

Alma Davis was convicted of possessing morphine, and, after affirmance of conviction (16 F.[2d] 778), she petitions for suspension of execution of sentence, with benefit of Probation Act. Petition denied.

William A. Green, Asst. U. S. Atty., of New Orleans, La.

William C. Orchard, of New Orleans, La., for defendant.

BURNS, District Judge. The defendant, Alma Davis, petitions for a suspension of execution of her sentence with the benefit of probation, under the Probation Act of March 4, 1925 (43 Stat. 1259), being Comp. St. §§ 10564⅘–10564⅘c. She was indicted for unlawful possession of morphine on April 8, 1924, pleaded not guilty, and, upon trial, was convicted of that offense and sentenced.

On March 7, 1926, the defendant sued out a writ of error to the Circuit Court of Appeals for the Fifth Circuit, and the conviction and sentence was affirmed by that court on January 3, 1927. 16 F.(2d) 778. On January 28, 1927, the mandate of the Circuit Court of Appeals was sent down, and on motion was ordered · recorded. On the same day, prior to the issuance of warrant on the sentence, this petition for the benefit of the Probation Act was filed, and an order granted citing the United States, plaintiff, through the United States attorney, to show cause why the execution of sentence should not be suspended as prayed for.

This petition recites that the defendant "is in very poor health, and she feels and has been advised by physicians that imprisonment would seriously affect her health"; that she was found guilty merely of the possession of a small quantity, some thirteen grains, of morphine, which she admitted was her property at the time of her arrest only because she wished to shield one Joseph Fernandez, with whom she had been living for twenty years; that she later learned that the drug was the property of one Richard Fernandez, brother of Joseph Fernandez, who lived in the same house, and who had access to the wardrobe in which the drug was found; that she is not an addict, and that she has never been convicted of any offense, state or federal, except in this case.

[1, 2] The first question presented is whether or not a judge of a District Court of the United States may exert the power granted by the statute after affirmance of a conviction and sentence by the appellate court, and the mandate of that court has been recorded in the District Court and ordered executed by it, but before a warrant in execution of sentence has issued.

As pertinent to the consideration of this question, I have examined the opinion of the Supreme Court in Ex parte United States, reported in 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. This decision was rendered in 1916, prior to the passage of the Probation Act under consideration, and subsequent authoritative opinions, more particularly Ackerson v. U. S., 15 F.(2d) 268 (C. C. A. 6th) and Kriebel v. U. S., 10 F.(2d) 762 (C. C. A. 7th), and conclude that Congress did intend to permit persons convicted of crime to apply for the benefit of the statute at any time before actually entering upon the performance of the sentence or judgment of the trial court; that it did not intend to limit the operation of the statute to the term at which sentence was pronounced.

Accordingly, I am constrained to hold that the power may be exerted under the circumstances presented here before the execution of the sentence begins under the final warrant. However, no less important is the provision of the statute that the power must be exerted only "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as that of the defendant will be subserved thereby."

[3] The petitioner and a physician testified generally that she is and has been in an imperfect state of health for a number of years. The physician states that confinement in a prison would tend to aggravate this periodical affliction and tend to impair her health generally. The evidence does not go so far, however, as to show that confinement by imprisonment might result in a dangerous condition, or a condition that might be fatal.

Upon this ground, therefore, I would not feel justified in granting relief, notwithstanding my general inclination to temper justice

with mercy. I am disposed to think that the granting of the relief prayed for in this case, based upon such grounds, would open the door to a flood of such petitions, since it is likely that a very large percentage of the persons with whom we have to deal on the criminal side of the court, and particularly in cases arising under the anti-narcotic laws, might readily show an imperfect state of health approximating that of the petitioner here.

[4] The second contention, to the effect that the petitioning defendant was rather an accessory than a principal to the unlawful possession of drugs which belonged to another, has less merit than the first. Even if it be considered that she admitted the possession solely for the purpose of shielding the actual owner, the unlawful possession was no less hers. She exercised dominion and control over the unlawful property and the armor or locker in which it was contained in her premises. Assuming that the facts are just as she states them in the petition, she is no less guilty of aiding, abetting, and assisting in the commission of the offense, and under the law her responsibility was that of a principal.

Considering further that this woman is still living in the same premises, together with at least one of the men named in her petition, and that her environment there affords no guaranty of her future good conduct, I am not satisfied that the ends of justice, nor the best interests of the public, nor of the defendant, will be subserved by suspending the execution of the sentence.

Accordingly, the prayer of the petition will be denied, and the rule dismissed, so that warrant on execution of sentence may issue in due course.