## MOUSE v. UNITED STATES.

(District Court, D. Kansas, First Division. July 14, 1926.)

No. 4965.

1. Criminal law ⬤⇒1216(2).

Where successive terms of imprisonment have been imposed, one to begin on expiration of the others, they are merged into a single cumulative term, in view of Comp. St. § 10532.

2. Criminal law ⬤⇒1001—Power to place convicted defendant on probation can only be exercised at term of conviction and before beginning of execution of sentence (Probation Act, § 1 [Comp. St. Supp. 1925, § 10564⅘]).

The power given courts of the United States by Probation Act, § 1 (Comp. St. Supp. 1925, § 10564⅘), to "suspend the imposition or execution of sentence" for any crime or offense not punishable by death or life imprisonment, and to place the defendant on probation, may be exercised only during the period between conviction and the beginning of execution of the sentence, and during the term of court at which the defendant was convicted, and the court, after the term, cannot grant probation to a defendant, then serving the first of two successive terms imposed with respect to the second term.

Petition of Frank E. Mouse against the United States for probation of sentence. Denied.

T. W. Bell, of Leavenworth, Kan., for petitioner.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan., for the United States.

POLLOCK, District Judge. Petitioner was indicted in a dozen cases for as many violations of section 215 of the Penal Code (Comp. St. § 10385). At the April, 1925, term of this court, he was tried on four of said indictments, convicted, and sentenced to serve three years in the federal prison at Leavenworth, this state. The other cases pending against him were at that term continued. Thereafter, at a special term of this court held in this city in December, 1925, petitioner was brought into court and to the remaining cases pending against him pleaded guilty, and he was on said plea of guilty sentenced to serve an additional further term of two years in said prison, said term to begin

at the expiration of the term theretofore imposed against him, and, in all, a cumulative term of five years.

Being confined in execution of said judgment of conviction, he files his petition to obtain a probation of his sentence for two years last imposed, it being conceded by him as to the first term of three years, which he was undergoing when his application was filed, the probation act of March 4, 1925, does not apply. But it is his insistence, as he has not yet begun to serve the two-year term last imposed, and will not until the expiration of his first term, the probation law is applicable.

To the petition so filed the government has filed a response, and the matter now stands submitted on the question whether at this time an order of probation of the two-year term last imposed upon him may be applied for and granted; it being conceded petitioner has not completed the first term of three years, and that both the terms of court at which said judgments of conviction were entered against him had fully expired and ended before his application for probation was made.

The provisions of the probation act, in so far as applicable to this case, read as follows:

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, *to suspend the imposition or execution of sentence* and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid." Comp. St. Supp. 1925, § 10564⅘.

[1] It is the contention of the government, as there were two successive sentences imposed against petitioner, by operation of law the same were merged into a single cumulative term of five years, and that it was this accumulated term of imprisonment which he was undergoing at the time the application for probation was made.

Section 10532, Compiled Statutes (32 Stat. 397), in providing good time allowance for convicts, says: "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deductions shall be estimated."

[2] The question thus presented is this: Under the circumstances of this case, does the probation act apply? The general rule is, after the term at which a case has been finally determined and ended by final judgment or decree has fully expired and ended, the court loses all jurisdiction and power over its judgment or decree. The probation act above quoted must have been by Congress enacted with this general rule in view. Now the act as above quoted is seen to provide for the probation of one convicted or pleading guilty before sentence is imposed, by suspending the imposition of sentence, and also by suspending the execution of a sentence imposed. Does this language mean the further execution of a sentence being served may be suspended at any time before the same has been fully performed? If so, then all convicts may, at any time during the period of the term of confinement in prison, make the application.

I am forced to the conclusion this view of the act is not that expressed or intended by the Congress; on the contrary, that the suspension of the imposition or execution of sentence as by Congress intended was applicable to that period between conviction and the beginning of the execution of sentence, at which the court has retained jurisdiction over the cause and the power to change or modify its judgment of conviction, and that it was not the view of the law-making power the Probation Act in question should permit the court to invade the penal institutions of the country at any time during the term of imprisonment, and after all jurisdiction over the subject-matter and the person of the offender has been lost. In part such is the holding of the Circuit Court of Appeals for the Ninth Circuit in Nix v. James, 7 F.(2d) 590.

It follows, as the terms of court at which the petitioner was sentenced had fully expired and ended, the court lost jurisdiction and all control over the same, and as petitioner was serving an accumulated sentence of five years, on which he was allowed good time for his behavior, the power of this court, in which he was tried and convicted, and all jurisdiction over the same, has been lost by lapse of time.

It follows the application for probation in this case must be held insufficient to grant the order; and it is so ordered.