## UNITED STATES v. CHAFINA.

(District Court, D. Arizona. September 14, 1926.)

No. 2256.

1. **Criminal law** ⬅️ 1001—**Under Probation Act, trial court retains control of judgment after expiration of term (Probation Act, § 1 [Comp. St. § 10564⅘]).**

Under Probation Act (Comp. St. §§ 10564⅘–10564⅘c), which is remedial and to be liberally construed, the trial court retains control of the judgment after expiration of the term at which it was rendered.

2. **Criminal law** ⬅️ 1001—**Probation Act vests court with power to admit defendant upon probation after service of sentence has commenced (Probation Act, § 1 [Comp. St. § 10564⅘]).**

Probation Act, § 1 (Comp. St. § 10564⅘), vests the trial court with power to admit a defendant upon probation at any time after conviction, either before or after service of the sentence has commenced, and before the full term has been served.

Criminal prosecution by the United States against Juanita Chafina. On application by defendant for probation. Application granted.

George T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Greg Garcia, of Phœnix, Ariz., for defendant.

JACOBS, District Judge. This is an application by the defendant, Juanita Chafina, for an order suspending the further execution of sentence and placing the defendant upon probation, as provided in the Act of March 4, 1925, known as the Probation Act, c. 521, § 1 (43 Stat. 1259 [section 10564⅘, United States Compiled Statutes Supplement 1925]).

The defendant was convicted of a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), on the 8th day of May, 1925, and sentenced to a term of two years' imprisonment in the Women's Reformatory at Leeds, Mo., and fined in the sum of $500. Under this judgment, the defendant has been confined in said Women's Reformatory since the 1st day of June, 1925, to the present time.

The first section of the Act of March 4, 1925, reads as follows: "The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, *after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment,* to suspend the imposition *or execution of sentence* and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation: Provided, that the period of probation, together with any extension thereof, shall not exceed five years."

The courts have had little occasion to construe this act, and, after a careful examination, I have found but four cases dealing with the subject. Nix v. James (C. C. A. 9th Cir.) 7 F.(2d) 590; United States v. Nix (D. C.) 8 F.(2d) 759; Archer v. Snook (D. C.) 10 F.(2d) 567; and Kriebel v. United States (C. C. A. 7th Cir.) 10 F.(2d) 762.

The questions involved in this application are: First, the power of the court to admit a defendant to probation after service of the sentence has commenced; second, exercise of this power after the expiration of the term in which the judgment was rendered. The last question has been decided by the Circuit Court of Appeals of the Ninth Circuit in the case of Nix v. James, 7 F. (2d) 590. The first question was decided in the case of Archer v. Snook, supra.

In that case, the defendant was sentenced to serve two years in the penitentiary at Atlanta, but, after serving six months thereof, to be released on probation under the Act of March 4, 1925. The six months' service having expired, he applied to the court for release by habeas corpus. The application was resisted by the warden, on the ground that the suspension provided in the sentence was beyond the power of the judge, and the application was denied, on the theory that the court had no power to alter the substance of the sentence so as to provide for carrying out the terms of the Probation Law. The case was decided February 9, 1926.

On January 13, 1926, the Circuit Court of Appeals of the Seventh Circuit rendered the opinion in Kriebel v. United States, supra, in which the court said: "Relying on United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, holding that the court cannot set aside or alter its judgment after the expiration of the term at which it is entered, the defendant in error argues that to

suspend the execution of a sentence is to set aside or alter the sentence. This seems to have been conceded in Nix v. James, supra. We cannot agree to this. It has never been contended that the statute providing for the release from jail of a poor convict imprisoned for nonpayment of a fine or fine and costs provided a method for setting aside or altering the judgment. It is only a way of relieving from further service under the sentence."

The question involved in the instant case was not present in the case of Nix v. James, and the court in that case said: "It was conceded on the argument of the case at bar that the Probation Act is inapplicable to defendants who have begun service of their terms of imprisonment on the ground that their cases are provided for by the Parole Act [Comp. St. §§ 10535–10544]. Nothing contained in this opinion must be construed as holding that the Probation Act has any application to a defendant who has entered on the service of his term of imprisonment."

In United States v. Nix, supra, the defendant had not entered upon the service of his term of imprisonment. The term of imprisonment prescribed was two years, and the court denied the application for probation, but said: "It is my understanding that the opinion of the Circuit Court of Appeals, filed in this matter August 3, 1925, has the effect of continuing control in the court of the judgment, *until the judgment is satisfied*. Accordingly, I shall deny the application for probation at this time, without prejudice to its renewal one year from the date upon which the defendant shall enter upon the sentence imposed."

In the opinion in the case of Nix v. James, it is also said: "We think the Probation Act is a remedial statute and as such entitled to a liberal construction. The old law is defined in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. In this case, the Supreme Court holds that it is beyond the power of the District Court to postpone indefinitely the execution of a criminal sentence. * * * By the Probation Act, Congress has undertaken to provide a remedy. * * * The new power vested in the District Courts is available to them 'after conviction or after a plea of guilty or nolo contendere.' The statute does not say how soon after conviction or plea the power must be exercised. In view of the liberal construction to which the statute is entitled, we cannot read into it a limitation

on the power granted not written there by Congress."

[1] It is settled by these decisions that the Probation Act serves to retain control of the judgment in the trial court after the expiration of the term in which it was rendered, as the act is a remedial statute and must be liberally construed.

If the liberal construction necessary to be given this remedial statute serves to abrogate the rule heretofore existing, that the court loses control of the judgment upon the expiration of the term in which it was rendered, then just such a liberal construction would give the court control of the judgment after the service of sentence had commenced.

It is suggested that the exercise of this power by the court would be in conflict with the Parole Act. Assume that to be true. Congress passed both acts. It could modify or repeal the Parole Act at its pleasure. The Probation Act was passed subsequent to the passage of the Parole Act and clearly vests this discretionary power in the court, as no limitation of time after which the court may not admit to probation is expressed in the act. To hold otherwise would be, as said in the case of Nix v. James, reading into the act a limitation on the power granted not written there by Congress.

[2] I am of the opinion that the act clearly vests power in the trial court to admit a defendant upon probation at any time after conviction, either before or after service of the sentence has commenced and before the full term of the sentence has been served.

It appears from the evidence taken on the hearing of this application that the defendant is the mother of a daughter of tender years; that, by reason of the mother's imprisonment, she is left practically alone and has been and will continue to be subjected to the many baneful influences that a city life offers to an unprotected child; that she is greatly in need of the care, protection, and guidance of her mother.

It appearing from the evidence to the satisfaction of this court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved by admitting this defendant upon probation, the application is therefore granted.

*Appropriate orders will be prepared and filed, suspending the further execution of the sentence of imprisonment and the payment of the fine, appointing a suitable person to act as special probation officer in this case, without compensation, admitting the defendant upon probation and ordering, and

directing the proper officials in charge of the Women's Reformatory at Leeds, Mo., to discharge and release the defendant from custody forthwith.