## DAVIS v. UNITED STATES.

(District Court, W. D. Arkansas, Texarkana Division. November 15, 1926.)

### No. 1900.

**1. Statutes ⚖️158.**

Implied repeals are not favored.

**2. Pardon ⚖️2.**

Probation Act (Comp. St. §§ 10564⅘–10564⅘c) *held* not impliedly to repeal or modify Parole Act (Comp. St. §§ 10535–10544).

**3. Criminal law ⚖️1001.**

After expiration of term at which sentence is imposed and execution of sentence begun, convicted defendant cannot be put on probation under Probation Act (Comp. St. §§ 10564⅘–10564⅘c).

Petition by S. E. Davis against the United States for probation of sentence. Petition denied.

Petitioner, pro se.

S. S. Langley, U. S. Atty., of Ft. Smith, Ark.

YOUMANS, District Judge. The petition of the applicant and the response of the attorney for the government raise important questions relative to the Probation Act (Comp. St. §§ 10564⅘–10564⅘c). The petition of the applicant is long and is accompanied by a brief signed by himself, in which extensive quotations are made from adjudicated cases.

The applicant alleges in his petition that he is innocent of the charge upon which he was convicted; that prior to and subsequent to his conviction he returned to all discontented persons the money that they had sent to him upon the representations he had made. Following are quotations from applicant's petition:

"Petitioner alleges that he was indicted in the United States District Court at Texarkana, Ark., September 12, 1923, under Penal Code, § 215, using the mails to defraud, and was tried and convicted May 21, 1924, and was sentenced to a term of five years in the federal prison at Leavenworth, Kan., and fined in the sum of $2,500, and that petitioner is now serving his sentence, having entered the prison on January 18, 1926, and that his full sentence will expire January 17, 1931, and his sentence after making good time allowance will expire September 24, 1929, and that he has a clean record for the time he has been confined in prison, having violated no prison rules.

"Petitioner alleges that he is eligible for probation under the probation law approved

March 4, 1925, and ruling of the United States Circuit Court of Appeals of August 3, 1925, Ninth Circuit, having original jurisdiction and control of judgment in District Court until the judgment has been satisfied.

"Petitioner alleges that he is entirely without funds or resources of any nature, and not able to employ counsel to assist in the presentation of this motion.

"Petitioner alleges that he was not responsible for the criminal acts which he was held to answer, and attaches herewith affidavits to substantiate this claim, and that he did not intentionally cheat, defraud, or swindle any one out of any money or property; that he invested his own money, and went broke in an honest endeavor to meet all promises and make a success for those that had invested funds to his handling.

"Petitioner alleges that he has a family to support, and has three children, ages from 7 to 12 years, and that his son, aged 12, is selling newspapers from early morning to late at night to help feed, clothe, and support the family; that since his confinement in prison his children have had to give up various educational studies, not having the funds to properly support and educate them.

"Petitioner alleges that, by the proper handling, a part, and possibly all, of the stockholders' investments may be recovered.

"Petitioner alleges that he adopted a policy of returning the investors' money, where the investors so demanded its return, before trial and conviction; that he continued this policy after conviction and until he no longer had funds or property of his own to sell that money might be raised for this purpose.

"Petitioner alleges that, if he had wanted, intended, planned, or expected to defraud his stockholders, he would not have returned any money to them, either before or since conviction; that he could have sold off his stockholders' property and kept the money, as there was nothing to prevent his doing so, if he had been criminally inclined.

"Petitioner alleges that he deposited with one C. C. Peters, his bondsman, the sum of $2,500 for the purpose of paying his fine, and that he is anxious that said fine be paid, and will gladly lend his assistance for the collection of same.

"Petitioner prays that this motion be granted and become effective on November 6, 1926, this making 9 months and 18 days, which a year and a day sentence allows for good time or for decent behavior while confined in prison, or as soon thereafter as may please the court.

"Petitioner makes no claim or asks for

no allowance for the time served in jail—3½ months, as he committed an act unbecoming to a gentleman while confined in the Miller county jail, namely, the leaving of said jail without the permission of the United States marshal, though this act was committed in good faith and with no intent to defeat the ends of justice, and due only to the understanding that his bondsman, C. C. Peters, was still on his bond, and that he had paid the said bondsman, C. C. Peters, the sum total of $7,200 for making said bond, and to stay on said bond until his case was finally acted upon. Petitioner believes that the 3½ months in jail is sufficient punishment for this ungentlemanly act, for which he is very sorry."

The response of the United States attorney reads as follows:

"Comes the plaintiff, United States of America, by its attorney, S. S. Langley, and for response to the petition and motion for probation heretofore filed by the defendant, S. E. Davis, represents and shows to the court as follows:

"That the defendant, S. E. Davis, was indicted by the grand jury on December 12, 1923, together with R. A. Jimmie Cox, a co-defendant. On May 19, 1924, the defendant, S. E. Davis, was put on trial on an indictment No. 1900 and styled United States of America v. S. E. Davis and R. A. Jimmie Cox; and that on the 21st day of May, 1924, the jury trying the said S. E. Davis returned into court a verdict of guilty on five of the seven counts in said indictment, and that on the same date S. E. Davis was sentenced by this court to imprisonment in the United States penitentiary at Leavenworth, Kan., to a term of 5 years on each of the said five counts, to run concurrently, and to pay a fine of $500 on each of said counts upon which he had been convicted.

"That on the 23d day of May, 1924, S. E. Davis filed a petition for writ of error to the Circuit Court of Appeals for the Eighth Circuit, and on said date said petition was by this court granted, and supersedeas bond fixed in the sum of $10,000, which the said S. E. Davis, with sureties, duly executed and filed, and was by the court approved on the 10th day of June, 1924.

"That thereafter said appeal, being prosecuted, was submitted to the Circuit Court of Appeals for the Eighth Circuit, and was by that court duly affirmed, but prior to the affirmance by the Circuit Court of Appeals the said S. E. Davis had been delivered by his bondsman to the deputy United States marshal at Texarkana, Ark., and

placed in the Miller county jail, from which said jail he soon afterwards escaped, said escape being in the early summer of 1925. That thereafter, to wit, early in December, 1925, the said S. E. Davis was apprehended on a fugitive warrant in the state of California. That on December 9, 1925, the United States attorney for this district filed a præcipe for mittimus, directing the United States marshal to commit the said S. E. Davis to the United States penitentiary as per the judgment of this court. Said mittimus was issued and delivered to the United States marshal for the Southern district of California, at Los Angeles, Cal., and acting under and by authority of said commitment the United States marshal for the Southern district of California did on the ——— day of January, 1926, deliver the said S. E. Davis to the United States penitentiary at Leavenworth, Kan., as directed by said commitment, return of which is now on file with the clerk of this court at Texarkana, Ark., with the return of the United States marshal thereon.

"From the foregoing facts it is clear that the defendant, S. E. Davis, was sentenced at a term of this court which has long since expired. It is also apparent that he even began his term in the penitentiary during the November, 1925, term of this court, and that the filing of his petition for probation was during the May, 1926, term of said court. And upon the foregoing facts it is the opinion of the United States district attorney that this court is without jurisdiction to hear and pass upon said petition for probation.

"Plaintiff therefore prays the court to dismiss said petition for want of jurisdiction; but, should the court be of the opinion that he has jurisdiction of the question of granting or refusing probation, that the petition for probation be denied."

There has recently been published by the National Probation Association, Inc., a pamphlet entitled "The Federal Probation System." The pamphlet contains an article purporting to be prepared by Bethuel Matthew Webster, Jr., Assistant United States Attorney for the Southern district of New York. After a review of the decisions which have been rendered construing the Probation Act, Mr. Webster makes the following suggestion for the guidance of United States District Judges:

"District Judges will greatly facilitate the administration of the act by denying applications for probation after the term at which sentence was imposed, and after affirmance on the merits, not on jurisdictional

grounds; in so doing they will obviate the delay and expense of appeal in circuits where the question of the period of availability has not been passed on, and they will be respecting the authority of the Sixth, Seventh, and Ninth circuits, where the question has been authoritatively determined."

The cases referred to as having been decided in the three circuits named are Evans v. District Judge, 12 F.(2d) 64, Nix v. James, 7 F.(2d) 590, and Kriebel v. United States, 10 F.(2d) 762.

In the case of Evans v. District Judge of the United States for the Western District of Tennessee, 12 F.(2d) 64, the court said: "It does not appear whether or not Evans had commenced to serve his sentence when, on April 2, 1926, he presented to the District Judge his petition to be put on probation pursuant to section 1 of the act."

In the case of Nix v. James, 7 F.(2d) 590, the Circuit Court of Appeals for the Ninth Circuit said: "Nothing contained in this opinion must be construed as holding that the Probation Act has any application to a defendant who has entered on the service of his term of imprisonment."

In the case of Kriebel v. United States, 10 F.(2d) 762, the Circuit Court of Appeals for the Seventh Circuit, referring to the Probation Act, said: "It is urged with much force that it is inapplicable to a defendant who has begun the service of his term of imprisonment, on the ground that his case is provided for by the Parole Act (Comp. St. § 10535 et seq.), and that the beginning of service terminates the right. This question is not before us, and we do not decide it."

I do not find, from the decisions above referred to, that the appellate courts of the Sixth, Seventh, and Ninth circuits have decided that a District Court is authorized by the act to entertain an application for probation after the defendant has begun his service of sentence in a penitentiary.

In the case of Archer v. Snook (D. C.) 10 F.(2d) 567, Judge Sibley, of the Northern district of Georgia, in considering this point, said:

"I am convinced that such a procedure, at least in the case of a penitentiary sentence, is unwarranted. The penitentiaries are at a great distance from most of the judges. It would involve much complication to place persons on probation after arrival at the penitentiary. By their incarceration, the shame, stigma, and criminal contact, which the probation system sought in proper cases to avoid, will have already been accomplished. The existing provision for paroles is sufficient to meet most cases deserving of leniency. The limitations on the power of the court to alter a sentence, even during the term, when it has gone into execution, are well recognized. See 12 Cyc. 783; In re Lange, 18 Wall. 163, 21 L. Ed. 872. The interference by a judge with a closed sentence, after the prisoner has been delivered in execution to the executive authority, is at least so close to an exercise of the pardoning power, which is held to include commutations and conditional pardons (United States v. Wilson, 7 Pet. 150, 8 L. Ed. 640; In re Wells, 18 How. 307, 15 L. Ed. 421), that it should not be attempted, unless on the clearest legislative warrant. I find nothing in the Probation Act to justify me in now seeking to alter the substance of this or any other sentence which is in course of execution in the penitentiary."

In the case of Mouse v. United States (D. C.) 14 F.(2d) 202, Judge Pollock, District Judge for the district of Kansas, upon the same point said:

"The question thus presented is this: Under the circumstances of this case, does the Probation Act apply? The general rule is, after the term at which a case has been finally determined and ended by final judgment or decree has fully expired and ended, the court loses all jurisdiction and power over its judgment or decree. The Probation Act above quoted must have been by Congress enacted with this general rule in view. Now the act as above quoted is seen to provide for the probation of one convicted or pleading guilty before sentence is imposed, by suspending the imposition of sentence, and also by suspending the execution of a sentence imposed. Does this language mean the further execution of a sentence being served may be suspended at any time before the same has been fully performed? If so, then all convicts may, at any time during the period of the term of confinement in prison, make the application.

"I am forced to the conclusion this view of the act is not that expressed or intended by the Congress; on the contrary, that the suspension of the imposition or execution of sentence as by Congress intended was applicable to that period between conviction and the beginning of the execution of sentence, at which the court has retained jurisdiction over the cause and the power to change or modify its judgment of conviction, and that it was not the view of the lawmaking power the Probation Act in question should permit the court to invade the penal institutions of the country at any time dur-

ing the term of imprisonment, and after all jurisdiction over the subject-matter and the person of the offender has been lost."

Judge Jacobs, of the district of Arizona, in the case of United States v. Chafina (D. C.) 14 F.(2d) 622, construed the Probation Act differently from the construction given it by Judges Sibley and Pollock. The opinion was rendered September 14, 1926. The essential facts are stated in the opinion as follows:

"The defendant was convicted on a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) on the 8th day of May, 1925, and sentenced to a term of two years' imprisonment in the Women's Reformatory at Leeds, Mo., and fined in the sum of $500. Under this judgment the defendant has been confined in said Women's Reformatory since the 1st day of June, 1925, to the present time."

In considering the application of the Probation Act to the facts, Judge Jacobs said:

"It is suggested that the exercise of this power by the court would be in conflict with the Parole Act. Assume that to be true: Congress passed both acts. It could modify or repeal the Parole Act at its pleasure. The Probation Act was passed subsequent to the passage of the Parole Act, and clearly vests this discretionary power in the court, as no limitation of time after which the court may not admit to probation is expressed in the act. To hold otherwise would be, as said in the case of Nix v. James [(C. C. A.) 7 F.(2d) 590], reading into the act a limitation on the power granted not written there by Congress. I am of the opinion that the act clearly vests power in the trial court to admit a defendant upon probation at any time after conviction, either before or after service of the sentence has commenced and before the full term of the sentence has been served."

[1, 2] The statement that Congress may modify or repeal the Parole Act at its pleasure is true. There is in the Probation Act no express repeal or modification of the Parole Act. Implied repeals are not favored. If Congress had desired the Probation Act to repeal or modify the Parole Act, or to give to the District Court authority to release a defendant confined in a United States penitentiary outside of the territorial jurisdiction of the court and after the expiration of the term at which the defendant was convicted, it seems to me that Congress would have so stated in express terms.

[3] I prefer to follow the opinions of Judges Sibley and Pollock rather than the opinion of Judge Jacobs. The question of the jurisdiction of the court having been expressly raised in the response of the United States attorney, the suggestion of Mr. Webster cannot be followed.

The application of Mr. Davis for probation is denied on two grounds: (1) That the term at which his sentence was imposed has passed; (2) that he is now serving that sentence in the United States penitentiary at Leavenworth, Kan.