## UNITED STATES v. WITTMEYER.
### No. 9353.

District Court, D. Nevada.
Oct. 19, 1936.

E. P. Carville, U. S. Atty., of Reno, Nev., for the United States.

George A. Whiteley, of Reno, Nev., for defendant.

NORCROSS, District Judge.

Plaintiff has interposed a motion to set aside an order granting probation upon the

ground of excess of jurisdiction. The salient facts are the following: The defendant upon arraignment entered a plea of guilty to an indictment charging a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. The court minutes of date February 15, 1936, following the arraignment and plea of guilty, read as follows: "In consideration of the law and the premises, it is hereby ordered and adjudged that you be imprisoned * * * for the period of One (1) Year from and after this date. The Court retains jurisdiction. This matter is referred to the Probation Officer for his investigation and report thereon. The defendant is remanded to the custody of the Marshal for the execution of this sentence."

Thereafter, on July 15, 1936, the court made, entered, and filed an order in the case reading:

" * * * Now on good cause being shown and in accordance with the Act of Congress, approved March 4, 1925 [18 U.S.C.A. § 724] * * * probation of the above stated sentence is hereby given as follows:

"On August 15th, 1936, to be granted probation for remaining period of the prison sentence. * * *

"The Court retains full jurisdiction in all matters pertaining to the above sentence and probation order. * * *"

The question of law presented is whether the court at the time of imposing a sentence of not exceeding one year may reserve jurisdiction of the case and thereafter during the term of sentence so imposed and after the defendant has been committed thereon and served a portion thereof make an order releasing the defendant on probation for a time comprehending the remainder of the term.

The case mainly relied upon in support of plaintiff's motion is United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 147, 72 L.Ed. 309. The decision in the Murray Case concerned two cases which were consolidated for hearing upon the view that a question of law was involved which would be decisive of both cases. The other case was Cook v. United States. The salient facts respecting the two cases so consolidated are the following:

In the Murray Case the District Court for the District of Nebraska sentenced the defendant to imprisonment for three months. Immediately thereafter, the same day, the marshal delivered the defendant to the jail keeper and the defendant began the service of his sentence. Upon the day following, and during the same term, the court entered the following order: "Ordered and adjudged that said defendant, Glen Murray, be placed on probation for the period of two (2) years." From this order an appeal was taken to the Eighth Circuit Court of Appeals. Upon such appeal the latter court certified to the Supreme Court the following question: "Did the United States District Court for the District of Nebraska have authority under the act of March 4, 1925 (43 Stat. c. 521, p. 1259 [18 U.S.C.A. §§ 724–727]), to make during the term in which sentence was imposed the order placing the defendant in error upon probation after he had commenced to serve his sentence?" The Supreme Court ordered up the entire record.

In the Cook Case the defendant was committed upon twelve counts of an indictment charging use of the United States mails to defraud before the District Court for the Northern District of Texas, and a sentence was imposed upon all counts in a total of fourteen years and nine months and to pay a fine of $12,000. Upon appeal to the Fifth Circuit Court of Appeals judgment was affirmed. After serving approximately two years of his sentence at the United States Penitentiary at Fort Leavenworth, Kan., the defendant applied to the District Judge of the court imposing sentence, who was not the judge who tried the case, to enter an order placing him on probation for a period of five years. The application was granted, and an order entered accordingly. Objecting to the order, the United States sued out a writ of error to the Circuit Court of Appeals, which court set aside the order of probation. 19 F.(2d) 826.

Upon the facts the Supreme Court remanded the Murray Case to the District Court with instructions to reverse the order placing Murray on probation, and in the Cook Case affirmed the decision of the Circuit Court of Appeals.

The case at bar has this difference in respect to facts considered by the Supreme Court in the Murray and Cook Cases in that at the time of imposing sentence the court reserved jurisdiction, and referred the case to the Probation Officer for investigation and report.

If District Courts have power to reserve jurisdiction at the time sentence is imposed for the purpose of later considering the

matter of probation, then expressions to be found in the opinion in the Murray Case, even though broad enough to cover facts as presented in the instant case, are nevertheless subject to the rule announced by Chief Justice Marshall in the case of Cohens v. Virginia, 6 Wheat. 264, 398, 5 L.Ed. 257, and repeatedly adhered to by the Supreme Court. The rule is concisely stated in the more recent case of Bramwell v. U. S. Fidelity Co., 269 U.S. 483, 489, 46 S.Ct. 176, 177, 70 L.Ed. 368, as follows: "It is a rule of universal application that general expressions used in a court's opinion are to be taken in connection with the case under consideration."

In considering the opinion in the Murray-Cook Case it is important to take note of the fact that the two cases have but one point in common, that is that in each case the order granting probation was made after the defendant had begun the service of his sentence. After reciting the salient facts of the two cases, the opinion states: "The first question which we must consider, and which, if we decide in favor of the Government, controls both cases and disposes of them, is whether there is any power in the federal courts of first instance to grant probation under the Probation Act, after the defendant has served any part of his sentence."

Following a brief review of an authority assumed and exercised by United States District Courts in granting probation upon conviction prior to the decision of the Supreme Court in Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355, denying such power, and quoting from the report of the Committee on Judiciary of the House of Representatives in respect to the Probation Act as finally enacted by the Congress, the opinion continues with an expression of the views of the court as to the interpretation to be given to the statute, concluding with the following statement:

"The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872. Such a limit for probation is a natural one to achieve its end.

"The words of the first section important upon this issue are: 'Shall have power, after conviction or after a plea of guilty or nole contendere, * * * to suspend the imposition or execution of sentence and to place the defendant upon probation.' The

words mean to suspend the imposition of sentence, or to suspend the execution of sentence, and that the placing of defendant upon probation is to follow the suspension of the imposition, or the suspension of the execution of sentence, without an interval of any part of the execution. That is a reasonable construction, and serves the well-understood purpose of the statute. The suspension of execution was the point in time to which the provision for probation was directed. We do not say that the language is not broad enough to permit a possibly wider construction, but we think this not in accord with the intention of Congress.

"This act has been before courts of first instance and Circuit Courts of Appeal a number of times, but we have found only one reported case, in addition to the decisions by the district courts in the present cases, in which it has been held that probation may be granted after the service of the sentence has begun. That case is United States v. Chafina, 14 F.(2d) 622, a District Court case. The other cases brought to our attention are not inconsistent with our ruling." Citing cases.

In the later case of United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 114, 75 L.Ed. 354, the Supreme Court said: "The Lange Case and the Bassett Case [9 Wall. 38, 19 L.Ed. 548], supra, probably would have set at rest the question here presented had it not been for a statement in United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 149, 72 L.Ed. 309. In that case this Court held that where the defendant had begun to serve his sentence, the District Court was without power, under the Probation Act of March 4, 1925 (18 U.S.C.A. §§ 724–727), to grant him probation; and, citing Ex parte Lange as authority, said: 'The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it.' But the Murray Case involved the construction of the Probation Act, not the general powers of the court over its judgments. The words quoted were used by way of illustration bearing upon the congressional intent, but were not necessary to the conclusion reached. That they state the rule more broadly than the Lange Case warrants is apparent from the foregoing review of that case."

In the Benz Case the Supreme Court sustained the contention of power in the District Court to reduce the term of sen-

tence during the term sentence was imposed.

Plaintiff's brief also cites the recent decision of the Circuit Court of Appeals, Second Circuit, in the case of United States v. Greenhaus, 85 F.(2d) 116, 117, as following and applying the rule announced in the Murray Case, supra. The defendant Greenhaus was convicted upon all counts of an indictment containing fifteen counts charging use of the mails to defraud. Upon the odd-numbered counts sentence of three years on each count, excepting the fifteenth for two years, was imposed, to run concurrently. Upon the even-numbered counts sentence of five years on each count was imposed, to run concurrently, to begin at the expiration of sentence on the odd-numbered counts. Execution of sentence on the even-numbered counts was suspended during good behavior, and defendant to report to probation officer. Upon service of sentence on the odd-numbered counts the defendant was released on probation. Slightly over a year following such release the defendant was charged by the Chief Probation Officer with a violation of the conditions of his release. Upon hearing had the court revoked the order of probation, from which order the defendant appealed. The law of the case as applied in affirming the order is concisely stated in the following excerpt from the opinion: "If in the present case there had been a single sentence with suspension and probation as to part, the decision in United States v. Murray, 275 U. S. 347, 48 S.Ct. 146, 72 L.Ed. 309, would clearly apply. The question here is whether to treat the original sentence as essentially for a single term, or as entirely separate judgments for separate terms. If they are to be treated as for a single term, then the suspension with probation was unlawful under United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. We are inclined to the view that so far as the Probation Act is concerned the sentences are to be regarded as for a single term."

It is notable that in the opinion in the Greenhaus Case the decision of the Supreme Court in Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 155, 77 L.Ed. 266, was not referred to or cited. In the Burns Case the defendant interposed a plea of guilty to an indictment containing three counts. Sentence was imposed on the first count of imprisonment for one year, on the second count a fine of $2,000, and on the third count sentence was for five years. With respect to the third count,

execution of sentence was suspended and defendant granted probation for the period of five years. The defendant was committed to a local jail to serve the sentence upon the first count.

While serving the jail sentence on the first count the defendant was charged with violating the conditions of his probation on the third count in that he had not in good faith observed the rules respecting his imprisonment on the final count. Upon a hearing had, the probation order was revoked, and upon appeal to the Circuit Court of Appeals, Ninth Circuit, affirmed. 59 F.(2d) 721. Application for certiorari was granted by the Supreme Court. The Supreme Court affirmed the judgment of the Circuit Court of Appeals on review of the evidence upon which the order of probation was revoked, but, although the Murray Case was cited, no opinion was expressed that the order of probation might be void because taking effect after service of sentence had begun; upon the contrary, treated the order of probation as valid when made, and the order of revocation justified, and hence also valid.

Concerning the general purpose of the Probation Act and the means of accomplishing such purpose, we quote from the opinion of Mr. Chief Justice Hughes in the Burns Case, the following: "The Federal Probation Act (March 4, 1925, c. 521, 43 Stat. 1259; U.S.C. Tit. 18, §§ 724–727 [18 U.S.C.A. §§ 724–727]), confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. United States v. Murray, 275 U. S. 347, 357, 358, 48 S.Ct. 146, 72 L.Ed. 309; H.R.Rep. No. 423, 68th Cong., 1st Sess. Probation is thus conferred as a privilege, and cannot be demanded as a right. * * * To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposi-

tion or execution of the sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'"

The Murray Case, as we view the decision therein, especially in the light of later decisions by the Supreme Court hereinbefore cited, is not controlling of the question here presented.

The action of the court in the instant matter could in no sense be regarded as an invasion of the authority of the Parole Board authorized by statute to deal with prisoners committed for terms in excess of one year. Unless a court imposing sentence for not exceeding one year may at the time of imposing sentence reserve jurisdiction of the case for the purpose of thereafter considering probation for the remainder of the term, there is no authority to grant such relief excepting executive clemency in cases where the defendant has actually entered upon service of sentence. Where a power is granted, as in the case of the National Probation Act (18 U.S.C.A. §§ 724–727), subject to certain broad limitations, any appropriate action within such limitations is clearly lawful. The power to do the greater includes the power to do the lesser. It is beyond question that in the instant case at the time sentence was imposed, the court could have made an order suspending its execution, and have put the defendant upon immediate probation. No reason has been suggested, other than as contrary to the decision in the Murray Case, why the court could not at the time of imposing sentence retain jurisdiction for the purpose of considering the granting of probation for any portion of the term remaining unserved, if good cause appeared therefor. As before stated, this question was not before the court for decision in the Murray Case, nor decided therein. We are dealing with a remedial statute, and courts generally have given it a liberal interpretation to the end that the fundamental purpose of the statute be accomplished. In Rosenwinkel v. Hall, 61 F.(2d) 724, 726, the Circuit Court of Appeals, Seventh Circuit, said: "This statute enlarged the powers of a federal district court. It is remedial in its nature. It is an enactment, the object of which was to liberalize the practice in criminal cases, necessitated by the strict interpretation of the court's power in Ex parte United States, supra. Its object being humane and benevolent, the statute should be given a broad interpretation. The power to grant probation authorizes, and in fact obligates, the court to investigate all the circumstances which might affect its proper allowance. Congress must have known that the district court is an extremely busy court and that it cannot well suspend all its activities to immediately conduct an investigation to ascertain the propriety of placing one convicted of a criminal offense, upon probation. It may therefore be assumed that Congress intended to grant to the court, upon which it placed the duty of investigating the accused's record, his family life, and other facts bearing upon his likelihood of reformation, the necessary time within which to make such investigation."

What may be a necessary time for investigation will vary depending upon each particular case. The time for imposing sentence following conviction or plea of guilty may be continued a reasonable time for such purpose. Occasionally a case may arise where the court is impressed that it has elements indicating that probation should ultimately be granted, but the ascertaining of facts controlling may require a time longer than would be reasonable to hold a defendant in jail pending the ascertaining of facts which in the view of the court may or may not justify a sentence rather than the suspension of the execution thereof. The defendant in the case at bar was a boy in his fifteenth year. He was arrested at a town within the district 500 miles or more from where the court was located. He had no relatives or friends within the state. If sentence was imposed immediately subject to reservation of power to later grant probation, the boy could be removed from jail and sent to a correctional institution provided by the government for dealing with such cases. If probation should be granted forthwith, he would be discharged without the certainty of means of earning an honest living, far distant from relatives or friends to afford him needed advice and assistance. Upon sentence being imposed, he was transferred from jail to a camp in Arizona, and later to a correctional institute at El Reno, Okl. In the meantime, as a result of communication with relatives and friends, arrangements were concluded for his entry into a school where he could continue his education. All this required some months' time. When negotiations were completed, the order, now sought to be vacated, was submitted to the court, approved and entered. The court not only is not convinced that the order granting probation for the remainder of the

term was in excess of jurisdiction, but, upon the contrary, is of opinion it was made clearly within the powers conferred by the statute. Burns v. United States, supra.

Motion denied.