THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARTÍN ALVAREZ, Defendant and Appellant.

No. 11911. Argued April 1, 1947.—Decided April 30, 1947.

*Pedro Santos Borges* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Before proceeding to consider this appeal on its merits, we wish to state the following facts:

The notice of appeal was filed in the lower court on *July 30, 1943,* and the transcript of the evidence was approved by the judge on *March 30, 1944.* Two years and ten months later, that is, on *January 7, 1947,* the clerk of the district court remitted to this Court the judgment roll and the transcript of the evidence which were filed on *January 9, 1947.*

We condemned a similar situation in *People v. Bosch,* 66 P.R.R. 896, an appeal from that same court. Again we call the attention of the clerks of the district courts to their duty of complying with the provisions of § 356 of the Code of Criminal Procedure. We believe that the Attorney General might suggest to the district judges to require said clerks to report to them monthly the status

of the appeals pending prosecution in order to avoid the unaccountable and negligent [1] delay which the aforesaid facts reveal, and likewise he should require the district attorneys to see that the terms fixed by § 356, *supra*, are complied with, and thus report to the *fiscal* of this Court those cases which should be dismissed.

We will now decide the case on its merits.

 This is a case of abandonment of children, wherein the defendant pleaded guilty before the lower court and was sentenced on December 6, 1942, to serve six months in jail, said sentence being suspended provided the defendant should deposit the amount of eight dollars weekly in the Municipal Court of Manatí in the name of Dolores Pastrana for the support of his three illegitimate minor children.

On July 12, 1943, the district attorney filed a motion in the lower court in order that the defendant be summoned "to show cause why he should not be confined to serve the sentence imposed on December 6, 1942," because he had failed to deposit in the municipal court the full amount corresponding to three weeks of support—he already owed nine dollars —and also because the defendant had not complied with the judgment as it was rendered.

At the hearing the mother of the minors testified that the defendant sent the weekly installment to her house, but failed to do so for two and a half weeks and then sent her eleven dollars and left nine unpaid; that he refused to deposit the money in the court but sent it instead to her house; that she went every week to the court but did not find the money there; that he sent her the money in checks but never sent the exact amount; that prior to the hearing he was owing her twenty-five dollars, but he took them to court and gave them to her on the day preceding the trial; that at the time of the trial he did not owe anything.

---

[1] And this is particularly so in a case like the present one wherein the transcript of the evidence consists only of 17 pages and the judgment roll of seven pages.

The defendant testified that he had paid all the weekly installments due; that he did not deposit the money in court because at times he was busy and sent them with his son to the house; that at other times he found the court closed and then he sent her a money order, that she always cashed the checks or money orders; that he has never failed to give her the money as provided by the judgment; that he was often delayed because the money did not come in time but then he sent twice the amount and has never failed to support them.

At the close of this evidence the defense prayed for "the acquittal" of the defendant on the ground that fundamentally he had complied with the terms of the judgment. The district attorney consented to said petition, "because in his opinion it was for the benefit of the minors." Notwithstanding this, the court immediately rendered judgment in open court which insofar as pertinent, reads thus:

"Because the welfare of the minors should prevail, the court is not going to suspend the sentence in its entirety, as did Judge Agraít Aldea but the court is going to impose on defendant seven days of jail, at the end of which the sentence shall be suspended provided he complies with the judgment rendered on November 6, 1942 by Judge Agraít Aldea. You shall serve seven days in jail and the execution of the sentence for six months shall be suspended provided you comply with the judgment rendered on November 6, 1942, by Judge Agraít Aldea."

It further appears from the record that an order was rendered by said court on the same day of the hearing, which in its pertinent part, provides:

"The welfare of the children in this case would be impaired if defendant were ordered to serve the sentence of six months above referred to. However, the conduct of the defendant, according to the record of this case, and his attitude and behavior during the trial, demand that this judge should order, as he hereby orders, that of the sentence of six months in jail which is suspended, defendant should serve seven days in jail at the end of which the

rest of the sentence of six months shall again be suspended provided the defendant continues to deposit for his minor children and in the name of Dolores Pastrana the amount of eight dollars weekly in the Municipal Court of Manatí.

"If the defendant should fail to deposit said amount of money as provided by the judgment, he shall again be confined in jail to serve the rest of the sentence.

"This order is rendered under the spirit of section 263 of the Penal Code and Act No. 108 of April 30, 1940, which provide that the judge may suspend sentence under such condition he may deem convenient to the welfare of the abandoned children."

The defendant appealed and alleges that the lower court erred, first, in weighing the evidence; second, in imposing seven days in jail in a proceeding where the only question to be determined was whether or not the final judgment of six months should be suspended, and third, in ordering the execution of the sentence "by piecemeal."

The first error was not committed. The evidence showed that although on the day of the hearing the defendant had already paid what was due to the plaintiff, he had not complied with the terms of the judgment by depositing the eight dollars weekly in the municipal court.

The only important question to be decided is that raised in the second and third assignments, that is, whether the lower court had power on July 30, 1943, to order the defendant to serve seven days in jail of the suspended sentence of six months rendered on December 6, 1942, and again to suspend the execution of the rest of the sentence after having served those seven days in jail.

The *fiscal* of this Court has consented to the reversal sought under the authority of *Roberts* v. *United States,* 320 U. S. 264; *United States* v. *Murray,* 275 U. S. 347, and *United States* v. *Wittmeyer,* 16 F. Supp. 1000.

We have no doubt that if the lower court had summoned the defendant for the offense of contempt for failing to comply with an order or judgment for support, the sentence

of seven days in jail would be correct. Apparently, when the lower court rendered its first order in open court it acted as if it were a contempt proceeding, for it said: ". . . You shall serve seven days in jail and the execution of the sentence for six months shall be suspended provided you comply with the judgment rendered on November 6, 1942. . ." However, in the written judgment which was filed on the same day it stated: ". . . that of the sentence of six months in jail which is suspended, defendant should serve seven days in jail at the end of which the rest of the sentence of six months shall again be suspended . . . ."

The lower court based its order on § 263 of the Penal Code which prescribed in its proviso that ". . . when complaint is filed against a person under the provisions of this Section and such person is sentenced, the court may suspend sentence under such conditions or (as) it may deem convenient to the welfare of the child." See also § 6 of Act No. 108 of April 30, 1940.

The authority conferred on courts by these provisions was exercised by the lower court by rendering judgment on December 6, 1942, sentencing the defendant to serve six months in jail and by immediately suspending the execution of said sentence provided the defendant should pay to his illegitimate children eight dollars weekly. Neither § 263 nor Act No. 108, *supra,* state that the courts may change the terms of the sentence already pronounced or later decide that they may be executed piecemeal. The authority granted is limited to "suspend sentence under such conditions or (as) it may deem convenient to the welfare of the child." The sentence in this case was for six months. It was suspended for the welfare of defendant's children provided that the latter should pay eight dollars weekly. If at the hearing of the motion it was shown that defendant did not comply with the conditions of this suspension, the court should have

set aside said suspension, or if it believed that, even though he had failed to strictly comply with the conditions imposed, the welfare of the children required that defendant be given another opportunity, to continue the effect of this suspension under the same or other conditions as warranted by the evidence.

It is true that in *People* v. *Carbone*, 59 P.R.R. 608 we held that ". . . trial courts are empowered to reconsider their judgments, prior to their execution, either on motion of a party or *motu proprio*, and to conform the same to the statute, either in order to correct any mistake incurred when imposing them or in order to conform them to any state of facts duly proved by either side." But such is not the situation in the case at bar. The court did not reconsider the sentence imposing a penalty of seven days instead of six months, but it upheld the original sentence and ordered that it should be executed as to a period of seven days. In our opinion it did not have authority under the law to do this.

Given the time elapsed since the rendition of the order appealed from—July 30, 1943—and not being in a position to determine whether the lower court, in view of the surrounding circumstances shown by the evidence, would have ordered the execution of the sentence of six months (in ordering defendant to serve seven days it did not have the intention of doing it) and having no knowledge, besides, of the present situation, almost four years later, we are of the opinion that the order appealed from must be set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.